# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BRIAN SNOW, | ) |
| Movant, | ) |
| v. | ) Case No. 4:18-MC-09015-RK |
| STEVEN KNURR, et al., | ) |
| Respondents. | ) |

## ORDER GRANTING IN PART MOTION TO MODIFY NON-PARTY SUBPOENA AND DENYING MOTION TO TRANSFER VENUE

Before the Court are Movant Brian Snow's emergency motion to modify a non-party subpoena (doc. 1) and Respondents' motion to transfer the subpoena-related motion to the United States District Court for the Eastern District of Virginia (doc. 4), where the underlying litigation is pending in the case styled *Knurr v. Orbital ATK, Inc.*, No. 1:16-cv-01031-TSE-MSN. The motion to modify will be **GRANTED in part**, and the motion to transfer will be **DENIED**. The Court will modify the subpoena to require production of documents on or before September 5, 2018, and the deposition to occur on September 12, 2018. Movant's request for attorneys' fees and costs incurred in pursuing this action will be **GRANTED**.

### Background

The relevant facts are undisputed. Movant is a former employee of one of the defendants in the underlying case, a shareholder-derivative class action against the company and its executives that has been pending for approximately two years. Discovery in that case is set to close on September 7, 2018. In April 2018, Respondents contacted Movant about participating in an informal interview, which he declined. Respondents then waited until August 13, 2018, to contact Movant's counsel about scheduling his deposition.[1] Movant's counsel responded with a request to confer regarding scheduling and waiver of service. Respondents' counsel then unilaterally issued the subpoena and served it on Movant on August 17, 2018.

The subpoena demands production of eighteen categories of documents within six business days, by August 24, 2018, and sets Movant's deposition for the day before the close of discovery,

---

[1] On August 3, 2018, Respondents sought leave from the court in the underlying action to take additional depositions, which that court granted on August 10, 2018.

September 6, 2018. Upon further discussion, Respondents then agreed to allow three additional days over the weekend for document production, moving the deadline to Monday, August 27, 2018. Counsel for Movant asserts that he is unavailable to defend the deposition August 29 through September 10, 2018. The parties agree that September 12, 2018, would be an agreeable date, but for the discovery deadline.

On August 21, 2018, Movant filed his emergency motion to modify the subpoena, which requests that the Court quash the document requests, reschedule the deposition for a time when his counsel is available, and award the attorneys' fees and costs he incurred in filing the motion. (Doc. 1.) On August 24, 2018 this Court ordered Respondents' counsel to show cause why the Court should not modify the subpoena's compliance dates and award attorneys' fees and costs to Movant. (Doc. 3.) The same day, Respondents filed a consent motion in the United States District Court for the Eastern District of Virginia in the underlying case to allow taking Movant's deposition beyond the discovery deadline. (Doc. 5-4.) The court in that case has scheduled a hearing on that motion for August 31, 2018. (Doc. 7-1.) In response to this Court's Order to Show Cause, Respondents filed a motion in this Court to transfer the subpoena-related motion to the United States District Court for the Eastern District of Virginia, where the underlying case is pending. (Docs. 4, 5.) Movant then filed suggestions in opposition to the motion to transfer, and on August 27, 2018, Respondents filed their reply in support of the motion to transfer. (Docs. 6, 7.)

**Legal Standard**

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.* "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

Analysis

The Court finds that no "exceptional circumstances" would warrant transfer of this dispute and that the subpoena's current deadlines would result in an undue burden, caused by Respondents' eleventh-hour approach. Accordingly, the Court will modify the subpoena to require the documents to be produced on or before September 5, 2018, and the deposition to occur on September 12, 2018. The Court will further grant Movant's request for reasonable attorneys' fees and costs in pursuing this action.

I.      **Motion to Transfer the Subpoena-Related Motion**

Respondents argue that transfer is appropriate because the underlying case is complex, because the issuing court is in a better position to rule on the motion, and because ruling on the motion would disrupt the issuing court's management of the underlying case. In the alternative, they argue that the Court should defer ruling until the issuing court weighs in on extending the discovery deadline. The Court disagrees.

"When considering transfer, the [C]ourt's prime concern 'should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.'" *Warkins v. Piercy*, No. 4:16-MC-00324 JAR, 2016 WL 3683010, at *2 (E.D. Mo. July 12, 2016) (quoting the Committee Note to 2013 Amendment to Fed. R. Civ. P. 45). "The Advisory Committee notes that transfer is appropriate only if the interest in avoiding disruption to the issuing court's management of the underlying ligation outweighs the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id*. "The proponent of transfer bears the burden of showing that such [exceptional] circumstances exist." Committee Note to 2013 Amendment to Fed. R. Civ. P. 45.

The Court finds that Respondents have not carried their burden of showing exceptional circumstances. The underlying litigation, no matter how complex, does not justify waiting until the eve of the discovery deadline to begin scheduling a deposition. Respondents waited until August 3, 2018, to request leave from the court in the underlying case to conduct additional depositions—little more than a month before the discovery cutoff—and they did not serve the subpoena on Movant until August 17, 2018. Discovery ends September 7, 2018. This Court need not comprehend the intricacies of the underlying factual dispute or securities law in the shareholder-derivative context to understand that short notice in discovery can cause an undue burden on the producing party.

Furthermore, the Court does not take the issuing court's interest in managing the underlying case lightly. The Court recognizes that modifying the subpoena will extend the deposition date five days beyond the issuing court's discovery deadline (assuming Respondents continue to press the subpoena). However, any disruption this may cause to the issuing court's management of the underlying case is likely to be minimal. Accordingly, the Court finds that this potential, minor disruption in case management is outweighed by Movant's interest in obtaining local resolution of the motion.

## II. Motion to Modify the Subpoena

The Court may modify a non-party subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv). Respondents do not appear to contest that the short timeframe in which the original subpoena demanded documents (six business days and eight calendar days) would result in an undue burden. Instead, they contend that their offer to extend this deadline through the weekend, to Monday, August 27, 2018, "clearly shows that Movant's position regarding any burden relating to the production of documents was untenable." (Doc. 7 at 2.) The Court finds that the subpoena's deadlines would impose an undue burden on Movant based on the scope and number of document requests (eighteen plus sub-requests) and the fact that his chosen counsel is unavailable on the date the subpoena sets for the deposition. Given that the parties agree September 12, 2018 is a mutually acceptable deposition date, the Court will modify the subpoena accordingly.

Movant also requests to extend the document-production deadline to September 12, 2018. However, the Court finds that producing the requested documents on the day of the deposition is likely to be inefficient and disruptive to the discovery process, given that counsel for Respondents will likely either delay the deposition or prolong it so they can review the documents. The record shows that Respondents would be amenable to receiving the documents "a week or so before the deposition," and the Court believes this should be enough time for Movant to provide a response. (Doc. 5-3 at 2.) Accordingly, the Court will modify the subpoena to require production of documents on or before September 5, 2018.

## III. Attorneys' Fees and Costs

The Court finds that Respondents have failed in their duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Respondents argue that a sanction is inappropriate because the defendants

4

in the underlying case are providing and paying for Movant's counsel, and "if anyone should be entitled to fees, it is Respondents." (Doc. 7 at 3.) The Court finds this unpersuasive. Respondents were aware that Movant may have relevant information as early as April 2018, but they waited until roughly a month before discovery was set to close before they sought to depose him. Movant responded to their request for a deposition by agreeing to discuss the matter on the telephone. Then Respondents unilaterally issued the subpoena. Given that Movant's counsel was unavailable on the deposition date specified, he was forced to file a motion to modify the subpoena. It was not until after Movant filed this action that Respondents sought relief from the discovery deadline in the underlying case—the same day this Court issued its Order to Show Cause. Respondents will bear the cost of their own delay.

## Conclusion

Accordingly, the Court **ORDERS** as follows:

1) Respondents' Motion to Transfer Subpoena Related Motion or in the Alternative to Stay Ruling Pending Parallel Proceedings (doc. 4) is **DENIED**.
2) Movant Brian Snow's Emergency Rule 45 Motion to Modify Non-Party Subpoena (doc. 1) is **GRANTED in part**.
3) The subpoena attached as Exhibit A to Movant's motion (doc. 2-1) is hereby **MODIFIED** to require the production of documents on or before September 5, 2018, and the deposition to occur on September 12, 2018.
4) Movant's request for attorneys' fees and costs incurred in pursuing this action is **GRANTED**.
5) Movant is **ORDERED** to submit a statement of reasonable attorneys' fees incurred in pursing this action, supported by affidavit, on or before September 18, 2018. Any objections to the statement and affidavit shall be due on or before October 2, 2018, and Movant may file a reply on or before October 9, 2018.

**IT IS SO ORDERED.**

                                            s/ Roseann A. Ketchmark
                                            ROSEANN A. KETCHMARK, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: August 28, 2018